### ANDREW K. MURRY v. MAX WEBBER, Appellant.

**Agency:** PLEADING CONSTRUED. In an action for the conversion of goods that had been stored in a building under an agreement with the former lessee, it appeared that G, who was in defendant's employ, and in charge of the building, would not allow the goods to be removed without payment of storage fees that he demanded, and that the goods were soon afterwards destroyed by fire. The answer alleged that "defendant, by his agent, demanded that plaintiff should pay the reasonable value of the storage of said goods" before their removal. *Held,* that defendant admitted the agency of G.

**Evidence:** AFFIDAVITS: *New trial.* An affidavit made in support of a motion for a new trial is not admissible on the new trial where the affiant is called as a witness.

*Appeal from Scott District Court.*—HON. P. B. WOLFE, Judge.

### MONDAY, OCTOBER 25, 1897.

ACTION to recover the value of a lot of boots and shoes, of which plaintiff was the owner, and which he alleges the defendant wrongfully converted to his own use. Defendant answered, denying that he wrongfully converted said property to his own use. Verdict and judgment were rendered in favor of the plaintiff for one thousand, nine hundred dollars. Defendant appeals.— *Affirmed.*

*Davison & Lane* and *Pam & Kennedy* for appellant.

*E. Sharon* and *J. D. Shearer* for appellee.

GIVEN, J.—I. Beiderbecke & Miller were the own-
ers of a building containing two storerooms known as
Nos. 111 and 113 West Second street, in the city of Dav-
enport, Iowa. The part known as "No. 111" was three
stories high. The owners leased said building No. 111
to the plaintiff for five years from April 1, 1890, and
the part of the building known as "No. 113" to one Vog-
elhuth. In December, 1890, plaintiff and Vogelhuth
agreed that the latter would take plaintiff's lease off
his hands, and by consent of the owners, plaintiff's lease
was canceled, and a lease made to Vogelhuth. There-
upon plaintiff packed his stock of boots and shoes there-
tofore kept in storeroom No. 111, and stored them in the
third story of said No. 111, with the consent of Vogel-
huth. There is a dispute as to the terms upon which
plaintiff was permitted to so store said goods. Febru-
ary 4, 1891, the lease to Vogelhuth was canceled, and a
lease executed by the owners to the defendant for the
entire building, Nos. 111 and 113, and was dated back
so as to cover the same five years. Defendant went into
possession under the lease, plaintiff's goods still being
in the third story, and the key to the room in plaintiff's
possession. On March 31, 1891, plaintiff proceeded to
remove his goods from said building, and, after he had
removed a small part thereof, he was prevented by one
Goldsteine from removing the balance. The defendant
was then in Chicago, and Goldsteine was a clerk in his
store kept in said building. Goldsteine told plaintiff he
could take no more shoes out of that place until he paid
thirty dollars, to which plaintiff replied: "I have
nothing to do with you at all. I am renting from Beider-
becke & Miller,"—and that he was going to take his
goods out; whereupon Goldsteine said that he should
not, and locked the door. The goods that were not
removed remained in said third story room, and on the
seventh day of April, 1891, were partially destroyed by

fire. Plaintiff does not question that, in the absence of a contract to the contrary, defendant had a lien on the goods for storage, and might rightfully prevent their removal until the storage was paid or tendered. He claims, however, that he had a contract with Vogelhuth by which he sold to Vogelhuth certain furniture and fixtures at the agreed price of twenty-three dollars and fifty cents, and that it was agreed that the storage should be four dollars per month, and that twelve dollars of said price be credited on the charge for storage, and that, therefore, the defendant had no right to detain the goods.

II.   At the close of the evidence for the plaintiff, "defendant asked the court under the evidence to instruct the jury to return a verdict for the defendant," which motion was overruled. It is insisted that the evidence does not show an agreement with Vogelhuth for a definite time, nor that the storage was paid to March 31, 1891, and therefore the motion should have been sustained. While the evidence was somewhat confused it was not only sufficient to warrant the court in submitting the case to the jury, but sufficient to warrant the jury in finding as claimed by the plaintiff. It is also contended that this motion should have been sustained because there was no evidence of conversion of the goods by the defendant, for that there was no evidence that Goldsteine was agent for the defendant or custodian of said third floor. It is said in the answer, when plaintiff commenced to remove the goods, "that defendant by his agent, demanded that plaintiff should pay the reasonable value of the storage of said goods, or for the occupancy of the part of the third floor where said goods were kept; but plaintiff refused to pay any sum whatever for such storage or occupancy, and denied the right of defendant to receive any payment whatever therefor." It is undisputed that Goldsteine,

who was in the employ of the defendant in said store, was the person who demanded payment of storage, and who refused to allow plaintiff to take the goods. His agency is recognized in the answer, and the defense is rested upon the right of Goldsteine, as such agent, to refuse to allow the goods to be taken until the storage was paid. There was no error in overruling the defendant's motion for a verdict.

III. Defendant offered in evidence an affidavit made by F. H. Miller in support of a motion for a new trial made on the former trial of this case, and on plaintiff's objection the affidavit was excluded. There was no error in this ruling, as Mr. Miller was present on this trial, and was called and examined by the defendant touching the subject-matter of the affidavit. There was surely no ground for admitting the affidavit.

IV. The court instructed to the effect that, if the jury found that plaintiff had a contract for storage with Vogelhuth, as claimed, it should find that the storage had been paid by the plaintiff for the three months. Defendant insists that this was error, that the contract for storage was not for a definite time, and that storage was to be paid for out of the twenty-three dollars and fifty cents at the rate of four dollars per month for whatever time plaintiff's goods remained in storage, and that, therefore, it was not a payment of storage for three months in advance. We think the evidence justifies the instructions. Several other complaints against the instructions are merely mentioned, but we do not discover any error in any of the particulars complained of. Our conclusion is that the judgment of the district court should be AFFIRMED.